**HACKL ENTERPRISES, INC., d/b/a Midwest Truck Brokerage Service, Inc., Plaintiff–Appellant,**

v.

**DRESSER–RAND COMPANY and Harrison Contracting Co., Defendants–Appellees.**

No. 01–7831.

United States Court of Appeals, Second Circuit.

April 15, 2005.

Liese G. Howarth, Gallagher & Howarth, PC, Haydenville, Massachusetts, for Appellant.

Laurie Styka Bloom, Nixon Peabody LLP, Buffalo, New York, Michael A. Rieh-ler, Sugarman Law Firm, Buffalo, New York, for Appellees.

Present: FEINBERG, SACK, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

On April 24, 2001, the United States District Court for the Western District of New York granted the *in limine* motions of defendants Dresser–Rand ("Dresser") and Harrison Contracting Company ("Harrison") to preclude plaintiff Hackl Transportation ("Hackl") from offering testimony on the issue of causation in its negligence claim, and therefore to dismiss the claim because Hackl would not be able to prove causation. Hackl had chosen not to designate experts within the deadlines set by the court's scheduling orders. The district court dismissed Hackl's case against Dresser and Harrison, concluding that, under New York law, Hackl has the burden of proving causation in its negligence claim, and in this case, "the jury would not be in a position to determine the initial question of negligence or to apportion the negligence ... without resorting to speculation" if Hackl did not provide expert testimony.

Hackl filed a motion for reconsideration on May 8, 2001, and in its motion also requested leave to retain an expert. The district court held oral argument on Hackl's motion for reconsideration on July 17, 2001, and denied the motion on August 3, 2004.

On appeal, Hackl argues that it did not need to provide an expert to meet its burden of proof in its negligence claim

and, if it did, it should have been allowed to make a late designation of an expert.

We review *de novo* a district court's grant of summary judgment. *See Brooks v. Outboard Marine Corp.*, 234 F.3d 89, 91 (2d Cir.2000). We review for abuse of discretion a district court's denial of a motion for reconsideration. *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir.2003). We also review for abuse of discretion a district court's determination that an individual's testimony is too speculative and unreliable for a jury to base a verdict upon it. *See Brooks*, 234 F.3d at 91–92.

Upon a review of the record, we do not think that the district court abused its discretion in concluding that in the absence of expert testimony, a jury could not determine whether the accident would have occurred even if the compressor had been secured in the manner in which Hackl says it should have been. The district court did not abuse its discretion in concluding that the testimony of Harrison driver Allen Armer and Harrison owner R.D. King was too speculative to enable the jury to reach a determination based on more than "confusion, speculation or prejudice." *Laverpool v. New York City Transit Authority*, 835 F.Supp. 1440, 1448–49 (E.D.N.Y.1993), *aff'd*, 41 F.3d 1501 (2d Cir.1994) (internal quotation marks and citation omitted). The question of whether the causal link between the way in which the compressor was secured and the resulting accident was "sufficiently beyond the knowledge of the lay juror that expert testimony [was] required to establish causation." *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir.2004).

We further conclude that the district court did not abuse its discretion in denying Hackl leave to make a late designation of experts, when Hackl previously had ample opportunity to do so and chose not to.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.